December 5, 1910.

————o————

5128.

(Court of Apeal, Parish of Orleans).

## IN RE BERNARD J. ZAHN PRAYING FOR CONFIRMATION OF TITLE.

1. A sale for city taxes of property previously adjudicated to the State is an absolute nullity.
2. No prescription runs in favor of said title whilst the property continues to belong to the State.

Constitution, Article 193.

Appeal from the Civil District Court, Division "A".

Benjamin Ory, for plaintiff and appellant.

O. S. Livaudais, for defendant and appellee.

DUFOUR, J.—On February 18, 1905, Bernard J. Zahn,

purchased for the unpaid city taxes of 1901, the property involved in this controversy, being lots 17 and 18 of square 502, 7th, Municipal District of New Orleans, assessed as the property of Mrs. Georgiana Marchaud, and his title was duly registered as required by law.

On February 18, 1908, John Sundmaker purchased from Mrs. Marchaud one of said lots, to-wit: lot No. 18, for the price of $40, took possession thereof and expended thereon in improvements and in paying off back taxes, and in redeeming the property from the State, to which it had previously been sold, the sum of $167.23.

On December 7, 1908, Zahn filed this suit and cited both Mrs. Marchaud and Sundmaker as defendants.

Mrs. Marchaud filed an answer in **propria persona** setting up the general issue and there was judgment against her in the court below, recognizing plaintiff as the owner of lot 17; from which judgment she has not appealed, so the status of lot 17 is not involved in this court.

Sundmaker filed an answer, covering lot 18, in which he attacked the tax deed for alleged want of notice to the tax debtor, and alleged failure to comply with the terms of the bid by paying the outstanding taxes; he further set up that said property had never been assessed to plaintiff, and plaintiff had never taken possession thereof.

The evidence shows that in point of fact notice was served on Mrs. Marchaud previous to the tax sale; and failure to pay the outstanding taxes does not impair the validity of sales made under the current revenue laws. This Court has also held that failure of the tax purchaser to take possession of the property, or have the property assessed to himself, or pay taxes thereon did not impair his right to the property. (See **Lacroix vs. Meyer, Vol. VII, Court of App.**) So that if at the time, the title to this property was in Mrs. Marchaud, all these grounds of attack on plaintiff's tax title are not well founded.

On the other hand, if at the time that plaintiff purchased the property for city taxes, the property already belonged to the State of Louisiana, the tax sale is an absolute nullity, property belonging to the State cannot be sold unless under the provisions of some statute expressly authorizing such sale and the only warrant for the sale of property previously bid in for the State is Act No. 80 of 1888. We might here add incidently, that even if the property had been subject to sale, notice to Mrs. Marchaud would not have been notice to the owner.

The only question, therefore, is whether defendant has set up such a defense and established it by sufficient proof.

Now defendant, in his answer, after reciting that he had purchased said property from Mrs. Marchaud, further declared that "he (defendant) redeemed this property which had been sold to the State of Louisiana, as per certificate of the State Auditor of date February 13, 1908, registered in Conveyance Office, Book 21 (214), folio 492." Wherefore he prayed to be recognized as the true owner, etc.

And when the case came on for trial defendant offered in evidence, without restriction as to purpose and without objection whatsoever from plaintiff, a certificate of redemption from the State Auditor, on which it appears that said property had been adjudicated to the State prior to July 20, 1900, for the State Taxes of 1899.

So that, if the recitals of this certificate be true, then the property in controversy belonged to the State of Louisiana from the year 1900, until redeemed in 1908; and hence was not subject to sale for city taxes at the time when it was adjudicated to plaintiff. Nor was said sale cured by the prescription of three years when this suit was filed, since prescription did not run whilst the property continued to belong to the State (Constitution, Art. 193), even if prescription could run at all to cure such a radical nullity.

We are not, however, prepared to hold that this certificate alone is sufficient evidence either of a sale to the State, or of its registry in the proper office as required by the law; but if as a matter of fact, such sale actually took place and was duly registered, then the sale to plaintiff was an absolute nullity; and we think the recitals of this official certificate of sufficient authority to impeach the **prima facie** validity of plaintiff's tax sale.

Our learned brother of the District Court did not reduce to writing his reasons for judgment herein, but he was evidently satisfied that the tax title could not stand, for he rejected plaintiff's demand outright, and adjudged the property to the defendant.

We do not feel that we can go so far. Before defendant can be given an absolute judgment he should be required to produce conclusive evidence of a sale to the State, and of its registry according to law, and plaintiff should be given an opportunity to rebut such evidence.

Accordingly we think that the ends of justice will be best subserved by amending the judgment so as to reject plaintiff's demand against defendant as in case of non-suit only.

The views we have taken dispenses with the necessity of considering defendant's reconventional demand for the amount expended by him on the property.

It is ,therefore, ordered that the judgment appealed from be amended by striking therefrom the second paragraph of the decreetal portion, beginning "It is further ordered, etc.," and substituting in lieu thereof the following, to-wit: "It is further ordered and decreed that there be judgment against plaintiff, Bernard J. Zahn, and for defendant, John H. Sundmaker, rejecting, as in case of non-suit, said plaintiff's demand to be recognized as owner of lot 18 described in petition."

It is further ordered, that appellant, Bernard J. Zahn,

pay the costs of the court a qua, and appellee, John H. Sundmaker, pay the costs of this appeal.

December 5, 1910.